IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

National Union Fire Insurance  :
Company of Pittsburgh, PA,
                               :
         Plaintiff,
                               :
      v.                           Case No. 2:03-cv-0160
                               :
Richard O. Wuerth, et al.,         JUDGE SMITH
                               :   MAGISTRATE JUDGE KEMP
         Defendants.

ORDER

The above case is before the Court to consider a motion filed by defendants, Richard O. Wuerth, et al., to extend their expert witness disclosure date and associated dates. Responsive and reply memoranda have been filed. For the following reasons, the motion will be granted.

By way of background to the defendants' motion, the undersigned had previously issued a discovery ruling concluding that documents relating to the understanding between the plaintiff and its reinsurer were discoverable, that documents exchanged between the plaintiff and its reinsurer which related to the underlying litigation and the reasons for settling that litigation were also discoverable, and that contact information for a Mr. DeMaria was also discoverable. Although National Union has supplied the contact information concerning Mr. DeMaria, it has appealed the undersigned's ruling concerning the reinsurance matters, and a ruling on that appeal has not yet been made.

Because that information has not yet been produced, defendants claim that they are unable properly to identify an expert witness. As a result, they seek an extension of time to do so. National Union has objected, describing the motion as being filed at the "eleventh hour", contending that the

additional delay between the date of its expert disclosure and the defendants' expert disclosure would be prejudicial, and arguing that any information in the reinsurance documents would not be pertinent to the expert witness disclosures.  National Union suggests that defendants be required to make their disclosures now and that, if additional discovery changes the experts' opinions, the disclosures can be supplemented.

In the Court's view, defendants have the better of this argument.  Although the Court agrees that defendants' experts should be able to express an opinion as to the standard of care required by Mr. Wuerth in connection with the underlying litigation, questions of causation and damages are also presented.  Conceivably, information obtained from Mr. DeMaria and information in documents exchanged between National Union and its reinsurer concerning their view of how the case was prosecuted and their motivation for settling the case may be pertinent to causation.  It would be inefficient to require an expert report to be prepared when additional information may be forthcoming on that issue and then to have the report supplemented at such time as the information is available.  There is no trial date in this case which would be put in jeopardy by extending the expert disclosure date.

On the other hand, the Court presumes that discovery from Mr. DeMaria is proceeding forthwith, and the late production of identification information concerning that witness should not require a 90-day extension of all existing deadlines.  Further, once Judge Smith has made a ruling on the discovery issue concerning reinsurance documents, defendants ought to be able quickly to get that information in the hands of their expert and have a report prepared.  Consequently, the Court will modify the existing schedule, but in a slightly different way.

Based upon the foregoing, the motion of defendants to extend

deadlines (#73) is granted in part as follows.  The existing discovery cutoff date of November 15, 2005 shall be maintained with respect to all factual discovery, including discovery from Mr. DeMaria, with the exception of any additional factual discovery which might be occasioned by a ruling on National Union's objections to this Court's discovery order concerning reinsurance documents which might be favorable to defendants. Within 45 days after that ruling, whether favorable or not, defendants shall make their expert disclosures.  All discovery, including discovery from experts, shall be complete within 45 days after such disclosures.  The dispositive motion date will be 30 days after the close of all discovery.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge