IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

National Union Fire Insurance Company of Pittsburgh, PA,

Plaintiff,

v.

Richard O. Wuerth, et al.,

Defendants.

Case No. 2:03-cv-0160

JUDGE SMITH
MAGISTRATE JUDGE KEMP

OPINION AND ORDER

This case is currently before the Court to consider defendants' motion for leave to file an amended answer. The amended answer would raise, for the first time in this litigation, the defense of the statute of limitations. Opposing and reply memoranda have been filed. For the following reasons, defendants' motion will be granted.

I.

The essential facts of this case are stated in prior Opinions and Orders of the Court and will not be repeated unnecessarily. It suffices for purposes of this Opinion to state that this is a legal malpractice action involving a trial which took place in this Court in February, 2002. As more fully discussed in prior Opinions and Orders, one of the defendants, Attorney Richard O. Wuerth, was unable to continue with the trial, at which he was representing the plaintiff's insureds, under circumstances which plaintiffs now contend constituted malpractice. The last day during which Mr. Wuerth participated in the trial was February 13, 2002. This action was filed more than a year later, and defendants wish to raise the one-year statute of limitations for legal malpractice actions in Ohio as an affirmative defense. Although recognizing that their request

comes fairly late in the day, defendants attempt to justify it on grounds that they did not learn of the existence of key facts essential to the defense until they took the deposition of Robert DeMaria on November 4, 2005. Their motion was filed promptly thereafter.

In response, National Union does not dispute that Mr. Wuerth's last trial date was February 13, 2002. It contends, however, that information concerning the alleged accrual of the statute of limitations on that date or shortly thereafter (a legal position with which National Union does not agree) were known to the defendants at the time, and that Mr. DeMaria's deposition did not reveal any new facts which would have justified raising the statute of limitations defense. Consequently, because, in National Union's view, the defense could and should have been raised in the initial answer based upon the facts known to the defendants at that time, its untimely insertion into the case is unfairly prejudicial. National Union contends both that, had it known earlier that a statute of limitations defense would be raised, it might have conducted certain discovery differently, and that to allow the defense to be raised now, might, if the defense were ultimately proven successful, cause it to have wasted significant time and resources of litigating this case under the belief that the statute of limitations defense had been waived. National Union also argues that to permit the defense to be raised would be an exercise of futility because, in fact, its cause of action did not accrue until well after February 14, 2002. The parties have spent a considerable amount of their briefing arguing the merits of the statute of limitations defense in the context of this case.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to

seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense

in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio, 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

Many decisions address the issue of whether a defendant's attempt to insert a limitations defense at a late stage of litigation should be countenanced under the standard applicable to a motion for leave to amend. As a general matter, those decisions note that the statute of limitations, as an affirmative defense, is waived if not raised in the answer, and that in order to preserve the orderliness of judicial proceedings and to avoid prejudice to the plaintiff, the Court ordinarily should not countenance a late raising of that issue without both an adequate excuse for the delay and adequate notice to the plaintiff. See Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997). Thus, where the delay in raising the statute of limitations defense is either extremely lengthy or comes at a time in the litigation when any prejudice caused by the delay cannot be cured, the request is properly denied. See, e.g., Perlmutter v. Shatzer,

102 F.R.D. 245 (D. Mass. 1984) (five-year delay in raising limitations defense should not be excused); Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (defendant would not be permitted to raise limitations defense three days before trial); Haseotes v. Cumberland Farms, Inc., 257 B.R. 691 (D. Mass. 2001), aff'd 284 F.3d 216 (1st Cir. 2002)(defendant would not be permitted to raise limitations defense on first day of trial). Several of those cases also recognize that, in addition to the usual types of prejudice suffered by a party when a claim or defense is introduced during later stages of litigation, the late assertion of a plainly meritorious limitations defense is prejudicial to the plaintiff because, had the defense been raised at an earlier stage, the plaintiff might have elected not to continue to litigate the case.

The Court concludes that the latter consideration has little weight under the circumstances of this particular case. Given the substantial argument about when the legal malpractice cause of action accrued, it seems unlikely that National Union would have foregone litigating this case simply because the answer raised a statute of limitations defense. Further, although some of the facts pertinent to that defense may have been evident to the defendants from their own internal memoranda, a substantial amount of discovery pertinent to the limitations defense still would have occurred. Further, it is unlikely that defendants would have succeeded in obtaining a stay of other discovery (or that National Union would have agreed to such a stay) while facts relating to the statute of limitations defense were discovered and motions were then filed on that defense. In short, the Court concludes that the case would have been litigated in much the same fashion even had the original answer contained a statute of limitations defense or had the defense been raised at some other earlier stage of this litigation.

With respect to other prejudice, National Union argues, although without great specificity, that it might have asked questions during depositions in a different way had it known that a statute of limitations defense was going to be asserted. In the Court's view, the facts relating to the limitations defense are fairly well elucidated in the documentary materials and deposition testimony submitted by the parties. To the extent that National Union believes it might require additional factual discovery on this issue, it can request leave to conduct such discovery from defendants or from the Court. In light of the fact that no trial date has been scheduled and that the progress of the case has been delayed through other motions practice, allowing initial discovery on the limitations defense, if needed, will not materially delay the ultimate conclusion of the litigation.

The Court is concerned about the late insertion of the statute of limitations defense. Certainly, one of the first matters to be considered in any professional malpractice case with a short statute of limitations (such as legal or medical malpractice) is whether the limitations period has run. In this case, defendants knew from the outset that Mr. Wuerth himself provided no legal services to National Union after approximately February 14, 2002, and that the case was filed more than a year after that date. The Court is not persuaded that defendants realized that a potential limitations defense existed only after taking Mr. DeMaria's deposition. While his testimony might have solidified their views about the statute of limitations, it could not have been the first time defendants suspected that such a defense might be viable. Nevertheless, for the reasons stated above, the Court has concluded that the delay in raising the defense is not unduly prejudicial.

III.

As noted, the parties have also argued about whether the defense stands any chance of succeeding. Those arguments are based in large part upon the way in which various pieces of evidence are interpreted, and resemble summary judgment arguments as much as they do arguments over the sufficiency of a defense which has yet to be asserted.

Where a claim or defense sought to be injected into litigation through an amended pleading is arguably sufficient, it is usually a sound exercise of discretion to permit the defense to be pleaded and to allow the substantive issue raised by the defense to be tested by way of a dispositive motion. Thus, in the context of a plaintiff's attempt to insert a new claim into a case where the defendant asserts that the claim is insufficient, "the trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 715 F. Supp. 578, 581 (S.D.N.Y. 1989). Here, there is nothing to suggest that the statute of limitations defense has no application to this case or that the proposed pleading does not properly raise it. Rather, the issue appears to be whether it is factually well-supported. The parties can address this issue in the context of case-dispositive motions which will undoubtedly be filed later in this case.

IV.

Based upon the foregoing, the defendants' motion for leave to file an amended answer (#79) is granted. An amended answer and amended counterclaim identical to that attached as an exhibit to the motion shall be filed within ten days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio V.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge